UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDIE B. MAJOR, III,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant.<br>_____ | No. CV 07-3308 FFM<br><br>ORDER AWARDING ATTORNEY<br>FEES PURSUANT TO 42 U.S.C. §406(b) |

## I.  INTRODUCTION

After remand, the Social Security Administration awarded plaintiff Eddie B. Major III ("Plaintiff") $52,487.43 in gross retroactive benefits.  Now pending before the Court is the petition of Plaintiff's counsel, Irene Ruzin, for attorney's fees in the amount of $12,500.00 for her representation of Plaintiff in this matter.

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested fee must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  After careful consideration, the Court finds in this case that $12,500.00 for 26.1 hours of work by Plaintiff's counsel is "reasonable."

/ / /

/ / /

/ / /

## II.  DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht*, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b).  Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

In determining whether the $12,500.00 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors.  Several of these factors fall in favor of Plaintiff's counsel.

/ / /

/ / /

/ / /

Under *Gisbrecht*, the starting point of the analysis is the agreement between Plaintiff and his counsel.  Here, the relevant terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel are as follows:

> In the event the claim is approved by the Federal Court or approved by an Administrative Law Judge after the claim is remanded by the Federal Court, the attorney fee is 25% of past-due benefits.

Exhibit B to Motion.

Thus, Plaintiff agreed to a 25% contingency and the $12,500 sought would be within the agreed upon amount.  The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $12,500 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit.  Indeed, as stated, the fees sought comport with the terms of the contingent fee agreement between Plaintiff and counsel and are within the statutory limit.

Third, there is no excessive delay attributable to counsel which would unduly increase the past due benefits accumulated during the pendency of the case in court.

Finally, the Court must assess the overall reasonableness of the fee in light of the character of the representation and the results obtained.  Here, Plaintiff's counsel obtained an order for remand that eventually resulted in an award of benefits.  The time expended by counsel (26.1 hours) is reasonable.  The effective hourly rate, if Plaintiff's counsel receives all of the fees she seeks, would be approximately $479.  This rate is well within the norm for Social Security cases litigated in federal court.

## III.  CONCLUSION

Based on the foregoing considerations, the Court finds and concludes that the $12,500 in fees sought by Plaintiff's counsel is reasonable.  The petition for attorney fees in the amount of $12,500 pursuant to 42 U.S.C. §406(b) is granted.  Upon

payment by the Commissioner of $12,500 out of the withheld past due benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $3,900 (which Defendant has already paid to Plaintiff's counsel).

    IT IS SO ORDERED.


DATED: June 10, 2010                      /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                          United States Magistrate Judge